**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DARIO ANTONIC,<br><br>            Petitioner,<br><br>     v.<br><br>KEVIN MCALEENAN, Secretary of Homeland Security, et al.,<br><br>            Respondents. | Case No. 5:20-cv-00110-GW-MAA<br><br>**ORDER DISMISSING PETITION AS MOOT AND DISMISSING ACTION WITHOUT PREJUDICE; DENYING MOTIONS TO EXPEDITE AS MOOT** |

**I.     INTRODUCTION AND BACKGROUND**

On January 15, 2020, Petitioner filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ("Section 2241") ("Petition"). (Pet., ECF No. 2.) Petitioner raises one claim for Section 2241 relief: that his continued immigration detention violates due process under *Zadvydas v. Davis*, 533 U.S. 678 (2001). (Pet. 2, 6.[1])

On March 20, 2020, Respondents filed an Answer, including a Memorandum of Points and Authorities, and supporting Exhibits. (Answer, ECF No. 10; Exs., ECF Nos. 10-1 to 10-3.) On April 3, 2020, Petitioner filed a "Motion to Add

---

[1] Pinpoint citations in this Order refer to the page numbers appearing in the ECF-generated headers of the parties' filings.

Supplemental Facts," which the Court construed as Petitioner's Reply. (*See* ECF Nos. 11 (Mot.), 16 (Or.).)

On July 30, 2020, Petitioner filed his first Motion to Expedite, requesting that the Court grant the Petition and order his release from immigration custody on an expedited basis because the COVID-19 pandemic had disrupted international air travel and prevented Respondents from removing Petitioner to his country of citizenship, Bosnia-Herzegovina. (July 30, 2020 Mot., ECF No. 24.) On August 5, 2020, the Court denied this motion as premature and ordered further briefing from Respondents to address developments in Petitioner's removal proceedings that occurred after Respondents filed the Answer. (Aug. 5, 2020 Or., ECF No. 26.) On August 20, 2020, Respondents filed a Sur-reply pursuant to the Court's Order, arguing that Petitioner was subject to mandatory detention pursuant to 8 U.S.C. § 1231 and was slated for imminent removal. (Aug. 20, 2020 Sur-reply, ECF No. 27.)

Between September 1, 2020 and November 4, 2020, Petitioner filed five additional motions to expedite. (ECF Nos. 28, 31, 33, 35, 37.) As now relevant, on November 23, 2020, the Court ordered Respondents to file a status report by December 21, 2020 detailing their efforts to remove Petitioner and the legal authority for Petitioner's continued detention; or alternatively, to file a Notice of Removal no later than the day after Petitioner's removal. (Nov. 23, 2020 Or., ECF No. 40.)

On December 17, 2020, Respondents filed a Notice of Removal stating that Petitioner was removed to Bosnia-Herzegovina on December 16, 2020. (Not. of Removal, ECF No. 42.)

## II. DISCUSSION

The Court has an independent obligation to consider its own subject-matter jurisdiction. *See Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). Federal

courts are barred from hearing matters in the absence of a live case or controversy. *See* U.S. Const. art. III, § 2; *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). To meet the case or controversy requirement of Article III, the parties must continue to have a personal stake in the outcome of the lawsuit throughout the proceedings. *Wilson v. Terhune*, 319 F.3d 477, 479 (9th Cir. 2003). "If an event occurs that prevents the court from granting effective relief, the claim is moot and must be dismissed." *Am. Rivers v. Nat'l Marine Fisheries Serv.*, 126 F.3d 1118, 1123 (9th Cir. 1997).

In this case, Petitioner challenged only his continued detention in United States immigration custody. (*See* Pet.) Petitioner's removal thus moots his 2241 Petition. *See Abdala v. I.N.S.*, 488 F.3d 1061, 1065 (9th Cir. 2007) (holding that habeas petition challenging immigration detention became moot when petitioner was deported).

**IT THEREFORE IS ORDERED** that the Petition is **DISMISSED** as moot and this Action is **DISMISSED** without prejudice. In light of this dismissal, it is further **ORDERED** that Petitioner's Motions to Expedite are **DENIED** as moot.

DATED: February 22, 2021

_____
HON. GEORGE H. WU
UNITED STATES DISTRICT JUDGE

Presented by:

_____
MARIA A. AUDERO
UNITED STATES MAGISTRATE JUDGE